**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0869-17T4

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

JOSEPH F. AMABILE,

 Defendant-Appellant.

_____

Argued March 6, 2019 – Decided November 12, 2019

Before Judges Fuentes and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Cape May County, Indictment No. 16-08-0699.

Richard F. Klineburger argued the cause for appellant (Klineburger & Nussey, attorneys; Richard F. Klineburger and Carolyn G. Labin, on the brief).

Gretchen A. Pickering, Assistant Prosecutor, argued the cause for respondent (Jeffrey H. Sutherland, Cape May County Prosecutor, attorney; Gretchen A. Pickering, of counsel and on the brief).

The opinion of the court was delivered by

FUENTES, P.J.A.D.

A Cape May County grand jury returned an indictment against defendant Joseph F. Amabile charging him with first-degree robbery, N.J.S.A. 2C:15-1a(2); and second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2a(1), 2C:15-1a(2). Represented by private counsel, defendant filed an omnibus motion: (1) to sever the charges against him from the charges against two codefendants named in the indictment; (2) to dismiss the charges in the indictment that pertained to defendant; (3) to suppress any incriminating physical evidence seized by law enforcement officers; (4) to suppress any self-incriminating statements made by defendant; and (5) to join in any pretrial motions filed by codefendants.

While these motions were pending before the trial court, defendant entered into a negotiated agreement with the State through which he agreed to plead guilty to second degree conspiracy to commit robbery. In exchange, the State agreed to recommend the court sentence defendant within the third-degree range and impose a term of imprisonment not to exceed four years, with an eighty-five percent period of parole ineligibility and three years of parole supervision as required by the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2.

A-0869-17T4

On September 8, 2017, a different attorney was substituted for defendant's prior counsel and filed a notice of motion to withdraw defendant's guilty plea. The motion was heard by the trial judge on September 14, 2017, the date scheduled to sentence defendant. In support of the motion, substitute counsel submitted a certification from defendant in which defendant alleged: (1) he "only met [with his first attorney] for a few minutes prior to each of [his] [c]ourt appearances/hearings at the Courthouse in Cape May County." Defendant also claimed his first attorney did not properly consider his history of mental illness, his self-induced intoxication at the time of the robbery, nor his alleged unawareness that his codefendants were planning to rob "someone[.]" Finally, defendant claimed:

> I am not guilty of what I pled to and understand that if this Motion to Withdraw is granted by the [c]ourt that I am facing more than four (4) years in State Prison if I am later convicted. However, after reviewing the Discovery with [my new counsel] and taking into consideration my now correct understanding of the law, it would be unjust, unfair and a true travesty to allow this guilty plea to stand. I am not guilty and want my day in court.

As part of the motion hearing, the judge replayed the audio recording of defendant's testimony at the plea hearing, specifically focusing on the factual basis.

DEFENSE COUNSEL: Okay. Mr. Amabile, do you agree that on July 3rd, 2016, you were in Sea Isle City?

DEFENDANT: Yes.

DEFENSE COUNSEL: And you were with two - - the two co-defendants in this matter, individuals named Vincenzo Severia and Brenden Burns?

DEFENDANT: Yes.

DEFENSE COUNSEL: And they're individuals that you know from Pennsylvania, is that right?

DEFENDANT: Yes.

DEFENSE COUNSEL: You were aware that Mr. Burns had brought a firearm with him from Pennsylvania?

DEFENDANT: Yes.

DEFENSE COUNSEL: And you were also aware that Mr. Severia was in possession of a stun gun?

DEFENDANT: Yes.

DEFENSE COUNSEL: Is it correct that the three of you made arrangements with one or two individuals to purchase some marijuana that night?

DEFENDANT: Yes.

DEFENSE COUNSEL: And did the three of you prior to going to meet those individuals or going back to meet them, did the three of you alone, meaning you, Mr. Burns, and Mr. Severia, actually have a conversation where you agreed to not purchase the marijuana, but to

A-0869-17T4

actually use a combination of the stun gun and the firearm to steal it from them?

DEFENDANT: Yes.

DEFENSE COUNSEL: And did you, in fact, go with Mr. Severia and Mr. Burns to meet those individuals?

DEFENDANT: Yes.

DEFENSE COUNSEL: And when you met them, did Mr. Burns actually brandish the firearm?

DEFENDANT: Yes.

DEFENSE COUNSEL: And did the three of you take the marijuana from them without payment?

DEFENDANT: Yes.

DEFENSE COUNSEL: I believe that's sufficient.

The part of the audio recording of the plea hearing the judge asked the court clerk to play back contained additional questions from the prosecutor through which defendant confirmed that Burns brandished a firearm at the victims of the robbery. At the end of this audio playback, the judge asked defendant's new counsel if he had "any other considerations on behalf of Mr. Amabile?" Counsel responded: "No, Your Honor."

The judge summarized defendant's testimony at the plea hearing, acknowledged on the record the parties' respective legal positions, and applied

5

the four-prong test the Supreme Court set forth in State v Slater: "(1) whether defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal [will] result in unfair prejudice to the State or unfair advantage to the accused." 198 N.J. 145, 157-158 (2009). The judge also noted the Court's admonition in Slater that "[t]iming matters as to the strength of the reasons proffered in favor of withdrawal." Id. at 160. See also Rule 3:9-3(e) and Rule 3:21-1.

The judge found that defendant did not assert a colorable claim of innocence. He viewed defendant's untimely assertion of innocence at this phase of the proceedings "with great care and realism because defendants often have [] little to lose in challenging a guilty plea[.]" The judge ultimately found: "Mr. Amabile does not base his reason on a claim of innocence; rather, he bases his reason for withdrawal because he alleges he felt pressured into taking the plea and claims he did not review the evidence before him."

The judge also rejected defendant's claim that "he was not able to review discovery prior to accepting the plea and was pressured into accepting the deal." He noted defendant appeared in court "on eight separate occasions." Based on this record, the judge was satisfied defendant had a "sufficient amount of time"

6

to review the evidence and discuss the case with his original attorney "whether it was here at the courthouse or in prior counsel's office[.]" The judge specifically noted that he asked defendant at the plea hearing "if he had any questions for the [c]ourt" or defense counsel. Defendant stated under oath "that he was satisfied with his attorney and the advice that he received." The judge also noted the State entered into a negotiated plea agreement "involving two other defendants."

The judge ultimately concluded it was not in the interest of justice to allow defendant to withdraw his guilty plea. The judge rejected the claims defendant made in his certification as "self-serving" and found his testimony at the plea hearing "more credible[.]" The judge sentenced defendant consistent with the plea agreement to a term of four years, subject to the parole eligibility restrictions under NERA.

Against this backdrop, defendant raises the following arguments.

> POINT ONE
>
> THE TRIAL COURT'S FAILURE TO ADVISE MR. AMABILE OF THE THREE-YEAR PAROLE SUPERVISION RESULTING FROM A CONVICTION UNDER THE NO EARLY RELEASE ACT WHEN MR. AMABILE ENTERED HIS GUILTY PLEA REQUIRES THAT HIS GUILTY PLEA BE VACATED. (Not Raised Below)

A-0869-17T4

POINT TWO

THE <u>STATE V. SLATER</u> FACTORS WEIGHED IN FAVOR OF PERMITTING MR. AMABILE TO WITHDRAW HIS PLEA AND AS A RESULT, THE TRIAL COURT SEVERELY ABUSED ITS DISCRETION IN DENYING MR. AMABILE'S MOTION.

POINT THREE

THE TRIAL COURT'S DECISION ON MR. AMABILE'S SENTENCE WAS NOT SUPPORTED BY THE EVIDENCE IN THE RECORD AND WAS NOT ADEQUATELY EXPLAINED BY THE COURT AND ACCORDINGLY, MR. AMABILE'S SENTENCE SHOULD BE VACATED AND/OR REDUCED.

We reject these arguments and affirm. The record shows that in the course of the plea hearing, the trial judge did not directly apprise defendant that he was subject to three years of mandatory parole supervision under NERA. The record also includes a copy of the Supplemental Plea Form for No Early Release Act (NERA) cases, N.J.S.A. 2C:43-7.2. Question two of this Supplemental Form states:

> Do you understand that because you have pled guilty to these charges the court must impose a "3" year term of parole supervision and that term will begin as soon as you complete the sentence of incarceration?
>
> First Degree Term of Parole Supervision – 5 years.
> Second Degree Term of Parole Supervision – 3 years.

8

The NERA Supplemental Form is formatted to require defendant to answer "Yes or No" to this question. The Form defendant signed with the assistance of his attorney reflects defendant circled "Yes." Furthermore, the number "3" (written in quotes here) was handwritten in the blank space provided for this purpose. In State v. Johnson, the Supreme Court held that a defendant who pleaded guilty to three offenses subject to NERA's mandatory period of parole supervision was "entitled to seek the vacation of his guilty plea" because "the period of NERA parole supervision constitutes both a direct and penal consequence about which [the] defendant, in his plea colloquy and plea form, was not informed." 182 N.J. 232, 240-241 (2005) (emphasis added). The Court in Johnson also made clear that a defendant seeking to vacate his guilty plea

> " . . . must show not only that he was misinformed of the terms of the agreement or that the sentence violated his reasonable expectations, but also that he is prejudiced by enforcement of the agreement." "The plea will not be vacated if knowledge of the consequences would not have made any difference in the defendant's decision to plead."
>
> [Id. at 241-42 (quoting State v. Howard, 110 N.J. 113, 123 (1988)) (internal citations omitted).]

Applying Johnson's holding to the facts in this case, we discern no legal basis to impugn the enforceability of defendant's guilty plea based on the trial judge's failure to directly apprise defendant of the mandatory three-year parole

9

supervision period under NERA. First, unlike the defendant in <u>Johnson</u>, defendant here was fully informed of the mandatory three-year period of parole supervision in the Supplemental NERA Plea Form he reviewed, completed, and signed with the assistance of his first attorney.[1] Second, there is no indication defendant viewed this aspect of his guilty plea as material to his ultimate decision to plead guilty.

Defendant's arguments related to the trial judge's imposition of sentence and decision denying defendant's motion to withdraw his guilty plea under <u>Slater</u> lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(2). In those respects, we affirm substantially for the reasons expressed by the trial judge.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] Although we conclude here that the judge's failure to address defendant directly at the plea hearing and inform him of the relevant mandatory period of parole supervision under NERA did not constitute reversible error, we do not imply that trial judges are absolved from this responsibility. Before accepting a defendant's guilty plea, trial judges must expressly find on the record that the defendant was apprised and understood the penal consequences of his or her guilty plea. <u>See</u> <u>R.</u> 3:9-2.

A-0869-17T4